JEREMIAH ROBINSON AND OTHERS, RESPONDENTS, v. GEORGE MARKS, APPELLANT.

*Entry of judgment on acceptance of an offer — when it bars a recovery for claims set up in the complaint but not included in the offer or judgment — Code of Civil Procedure, § 738.*

In 1877 the plaintiffs sued Silliman & Co. for $12,000 upon various drafts and notes made by that firm, among which was a note for $2,500, made by that firm to the order of, and indorsed by, the defendant Marks, upon which plaintiffs claimed there had been paid but $122. Silliman & Co. answered, denying that anything was due to the plaintiff on the note, and averring that it was made and given to the plaintiffs as collateral to claims, which had subsequently been paid. The firm also offered to allow judgment to be taken against them, under section 738 of the Code of Civil Procedure, for the amount claimed in the complaint, after deducting that note, which offer was accepted by the plaintiff, and judgment was entered accordingly. Subsequently the plaintiffs brought this action upon the same note against the defendant Marks, who had indorsed it. *Held,* that this action was barred by the judgment entered in the former action.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*I. T. Williams*, for the appellant.

*Samuel Boardman*, for the respondents.

BARNARD, P. J. :

This case presents, so far as I have been able to discover, an entirely new question. The facts involved in the controversy are as follows : The plaintiffs, in 1877, brought an action against the firm of Silliman & Co., to recover about $12,000 for various notes and drafts made by that firm. Among these notes and drafts was described a note for $2,500, made by Silliman & Co., to the order of the defendant. The complaint averred that this note was wholly unpaid, except the sum of $122, part thereof, and asks to recover for this note with the others, less this payment. Silliman & Co. denied that plaintiffs had any claim upon this note against them. They averred that the note was given by them

to plaintiffs as collateral security for claims other than those claimed by plaintiffs which had been pai? Accompanying their answer, Silliman & Co, made an offer ... 'lgment to plaintiffs: under the Code of Civil Procedure, sectio. 38, for the amount claimed by plaintiffs in the complaint after ?ducting this note. The plaintiffs accepted this offer, and ente? ? judgment upon it, against Silliman & Co., for $11,222.27. 'L e present action is brought against Mark, the indorser of the note; and the question is, whether the judgment against Silliman & Co., under the circumstances under which it was recovered, bars: its recovery against the indorser. It seems to me that it, clearly does. If the claim against Silliman & Co. had been, submitted to a jury, and they had found against the plaintiffs, upon the issues raised as to the note in question, it would have been a case where the judgment would have been conclusive: as between plaintiffs and Silliman & Co., that the note was invalid; that it was, in fact, paid; if Silliman & Co. were discharged, being the makers, of course, Marks, the indorsee, could not be held, as he would be, in such a case, merely surety upon a paid note. The Legislature could not have intended, by section 738, after an acceptance of the offer made by a defendant for a less sum than the entire claim, that a plaintiff should be again permitted to sue for the rejected portion of the claim. The admission of the plaintiffs, by the acceptance of the offer, stands in the place of a verdict of the jury upon the entire complaint. The complaint was never amended by striking out this clause, so that the sum received in compromise included the whole number of causes of action described therein. If the plaintiffs cannot sue Silliman & Co., they cannot sue Mark upon this claim. The judgment recovered, which defendant put in evidence, was a complete defence to the defendant Mark.

The judgment should be reversed, and a new trial granted, costs to abide event.

DYKMAN and PRATT, JJ., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.